

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 0:15-511-MGL-1 |
| | § | |
| MITCHELL NARADA KELLY, | § | |
| Defendant. | § | |

---

**MEMORANDUM OPINION AND ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

---

### I.    INTRODUCTION

Pending before the Court is Defendant Mitchell Narada Kelly's (Kelly) pro se motion for compassionate release. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court the motion will be denied.


### II.    FACTUAL AND PROCEDURAL HISTORY

Kelly pled guilty, pursuant to a plea agreement, to possession with intent to distribute and distribution of a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The government filed an information pursuant to 21 U.S.C. § 851 that notified him he was subject to increased penalties due to his prior convictions.

At sentencing, the Court designated Kelly as a career offender, and sentenced him to 188 months' incarceration, followed by a six-year-term of supervised release. Kelly currently has a projected release date of June 22, 2029.

While incarcerated, Kelly has participated in rehabilitative programming offered by the Bureau of Prisons (BOP), such as earning his GED and taking parenting classes. Moreover, he states that upon release, he will live with his mother and has a job awaiting him at Kirkland Auto Motive, LLC.

After Kelly filed his motion, the government responded and Kelly replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

## III.     STANDARD OF REVIEW

Upon a defendant's motion, a district court may reduce a term of imprisonment if the defendant has exhausted his administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

2

Finally, even if the court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

## IV.    DISCUSSION AND ANALYSIS

As an initial matter, Kelly has exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a Defendant may bring a motion for compassionate release only after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court thus turns to the merits of his motion.

### A.    *Whether Kelly presents extraordinary and compelling reasons warranting a reduction of his sentence under 18 U.S.C. § 3582(c)*

Kelly contends changes in the law constitute extraordinary and compelling reasons for a reduction in his sentence. Specifically, Kelly posits that he would not receive a Section 851 enhancement if sentenced today. The government, however, contends the amendments to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, fail to apply to Kelly's offense of conviction.

The Court need not decide this issue, however. Kelly's enhancement increased his statutory penalties from a maximum of twenty years to a maximum of thirty years. *See* 21 U.S.C. § 841(b)(1)(C) (explaining the maximum penalty under this section is twenty years unless the defendant has a prior felony drug conviction, in which case the maximum is thirty years). But, the Court determined a sentence at the low-end of the guideline range, 188 months, was appropriate in this case. 188 months, or just over fifteen-and-a-half years, is less than either statutory

maximum. The Court was thus uninfluenced by its ability to impose a higher sentence in this case, instead relying on the guideline range and the factors of sentencing.

Therefore, even if the First Step Act or any other subsequent changes to the law meant that Kelly would not be subject to the Section 851 enhancement if sentenced today, the Court would impose the same sentence. This argument, then, fails to present extraordinary and compelling reasons.

In his reply, Kelly also briefly states "if sentence[d] today mo[re] than likely the factual basis explained or/and instructed at his plea negotiation would be different, voiding the existing plea contract." Reply at 2. He fails to elaborate on this contention. Accordingly, it also fails to present extraordinary and compelling reasons.

Next, Kelly implies in his motion that he believes he was improperly designated a career offender. He also references the COVID-19 pandemic. The Court is unsure whether he asserts these create extraordinary and compelling reasons for compassionate release in this case. In an abundance of caution, the Court will address each issue briefly.

It appears to the Court that the cases cited by Kelly fail to undermine his career offender designation. *United States v. Jackson*, No. 22-4179, 2023 WL 2852624 (4th Cir. Apr. 10, 2023), is an unpublished opinion that is nonbinding on this Court. And, *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), which held that inchoate offenses fail to constitute controlled substance offenses under the guidelines, appears inapplicable here.

But, even if recent Fourth Circuit cases have clarified which of Kelly's prior convictions may be used as predicate convictions for the career offender enhancement, compassionate release is the improper avenue for relief.

The Fourth Circuit has held "[b]ecause § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence" in cases where the defendant argues it was invalid upon imposition, "a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements." *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022).

In limited circumstances, a defendant may also request such relief via 28 U.S.C. § 2241. *See United States v. Wheeler*, 886 F.3d 415, 419 (4th Cir. 2018) ("The savings clause provides that an individual may seek relief from an illegal detention by way of a traditional 28 U.S.C. § 2241 habeas corpus petition, if he or she can demonstrate that a § 2255 motion is 'inadequate or ineffective to test the legality of his detention.'" (quoting 28 U.S.C. § 2255(e)). In any event, compassionate release fails to provide relief.

Finally, although COVID-19 still exists within the BOP, the risks have been largely mitigated. And, the availability of the vaccine means that COVID-19 alone is generally insufficient to constitute extraordinary and compelling reasons for compassionate release. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.").

Kelly has failed to set forth any circumstances to alter the Court's analysis, such as personal risk factors. Accordingly, he has neglected to show COVID-19 constitutes extraordinary and compelling reasons for his release.

In sum, none of Kelly's contentions present extraordinary or compelling reasons for compassionate release.

**B.        *Whether the Section 3553(a) factors weigh in favor of a reduction of sentence***

Even if the Court determined extraordinary and compelling circumstances exist in this case,

however, analysis of the Section 3553(a) factors would preclude reducing Kelly's sentence.  *See*

18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the

factors set forth in section 3553(a) to the extent that they are applicable[.]").  These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes by the defendant;
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .[;]
> (5) any pertinent policy statement . . . issued by the Sentencing Commission  . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Kelly pled guilty to a serious drug offense, which also involved possession of a firearm.

He was held accountable for more than one-hundred grams of cocaine.  Moreover, his lengthy

criminal history, which includes assault of a high and aggravated nature, distribution of cocaine,

attempted burglary, cocaine trafficking, possession with intent to distribute crack, and first-degree

assault, resulted in the Court assigning a criminal history category of VI at sentencing.

Although the Court commends Kelly on his efforts toward rehabilitation, he has failed to

do more than what the Court hopes of every defendant.  Such strides fail to warrant a sentence

reduction. The Court nevertheless encourages Kelly to continue to take part in programming the BOP has to offer.

And, the fact that Kelly will serve a supervised release term after his release fails to change the Court's calculus. All defendants with supervised release terms have the possibility of reincarceration encouraging them to remain law-abiding. So, the Court considered this deterrent motivator when imposing its sentence. Similarly, although the Court is pleased Kelly has a release plan, that fails to change the balance of the factors.

Overall, Kelly's 188-month sentence is not of an "unusual length" creating a "gross disparity[.]" *McCoy*, 981 F.3d at 285 (internal quotation omitted).

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. Kelly's current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of her offense, and is a just punishment in this case. The Court will therefore deny Kelly's motion for compassionate release.

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Kelly's motion for compassionate release, ECF No. 50, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 3rd day of May 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

7